S04A0720. HIGHTOWER v. THE STATE.
(597 SE2d 362)

FLETCHER, Chief Justice.

Antonio Hightower was convicted of felony murder, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon.[1] Hightower appeals those convictions. Finding no error, we affirm.

1. The evidence presented at trial showed that on September 11, 1997, Hightower, Randy Pittman and Paul Smith were socializing at a friend's house. After an argument, Hightower chased Pittman into a neighbor's yard and struck him in the head with a beer can. Smith then grabbed Hightower from behind and both men fell to the ground. An eyewitness testified that Hightower got on top of Smith and

---

[1] The crimes occurred on September 11, 1997. On April 8, 1998, Hightower was indicted for malice murder, felony murder, possession of a firearm during the commission of a crime, use of a firearm by a convicted felon, and possession of a firearm by a convicted felon. On June 15, 1998, Hightower pled guilty to possession of a firearm by a convicted felon. On June 16, 1998, a Spalding County jury convicted Hightower of felony murder and possession of a firearm during the commission of a crime, but acquitted him of malice murder. The State nol prossed the charge of use of a firearm by a convicted felon. Hightower was sentenced to life in prison for felony murder and to two consecutive five year terms for the possession convictions. He filed a timely motion for new trial on July 6, 1998, which he amended on December 15, 2000 and November 11, 2002. The motion was denied on November 5, 2003. Hightower filed his timely notice of appeal on December 4, 2003. This case was docketed in this Court on January 2, 2004, and submitted on the briefs on February 23, 2004.

fatally shot him in the head. Hightower then began to fire down the street at Pittman, who was running away, but failed to hit him.

After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Hightower was guilty of the crimes for which he was convicted.[2] Accordingly, Hightower's challenge to the sufficiency of the evidence is without merit.

2. Hightower claims he was denied effective assistance of counsel because trial counsel failed to investigate his mental state and did not move for a directed verdict. After reviewing the record we conclude that the trial court correctly denied this claim as Hightower failed to prove either deficient performance or prejudice.

*Judgment affirmed. All the Justices concur.*

## DECIDED JUNE 7, 2004.

*Sullivan, Sturdivant & Ogletree, Harold A. Sturdivant*, for appellant.

*William T. McBroom III, District Attorney, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).